IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| USA FIELD SERVICES LLC, f/k/a USA FIELD SERVICES, Inc.,<br><br>  Plaintiff,<br><br>v.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION, KELLY LOEFFLER, in her official capacity as Administrator of the United States Small Business Administration, SCOTT BESSENT, in his official capacity as United States Secretary of the Treasury, and THE UNITED STATES OF AMERICA.<br><br>  Defendants. | Civil Action No.  25-573 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff USA Field Services LLC[1] ("USA Field Services" or "Plaintiff") files this Complaint against Defendants the United States Small Business Administration, Kelly Loeffler, in her official capacity as Administrator of the U.S. Small Business Administration, Scott Bessent, in his official capacity as United States Secretary of the Treasury, and the United States of America. In support, USA Field Services alleges as follows:

---

[1] On approximately February 22, 2024, USA Field Services converted from a corporation to an LLC with the Pennsylvania Department of State. The original PPP Loans were obtained and issued to the corporation, and the proceedings before the SBA maintained the corporation nomenclature. For purposes of these proceedings, the caption has been modified to reflect the change in corporate structure.

## INTRODUCTION

1. Plaintiff USA Field Services seeks judicial review of the legally erroneous and arbitrary and capricious refusal by Defendant United States Small Business Administration ("SBA") to fully forgive Plaintiff's Round 2 Paycheck Protection Program ("PPP") Loan (the "Loan"), obtained pursuant to the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020).

2. USA Field Services respectfully requests that this Honorable Court review and reverse the SBA's Final Decision dated September 3, 2024, denying complete forgiveness of the Loan, which was affirmed by the SBA's Office of Hearings and Appeals ("OHA") in a Decision that became a final order on March 29, 2025. Plaintiff further requests that this Court enter judgment in its favor directing the SBA to forgive Plaintiff's Loan in its entirety.

## PARTIES

3. Plaintiff USA Field Services is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 2090 Greentree Road, Suite 220, Pittsburgh, Pennsylvania 15220.

4. USA Field Services is a specialized staffing company providing skilled professionals who work on oil and gas well sites throughout the United States. Plaintiff's employees provide a variety of services at these sites, including field services, inspection services, project management, construction management, environmental services, and land services.

5. Defendant SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633, et seq. Pursuant to the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), the SBA administers the PPP.

6. Defendant Kelly Loeffler ("Administrator Loeffler") is the Administrator of the SBA and is named as a Defendant only in her official capacity. Because Administrator Loeffler

is the officer with final authority for administering the PPP within the SBA, Administrator Loeffler is a proper Defendant for causes of action brought under the Administrative Procedures Act ("APA"). *See* 5 U.S.C. § 702.

7. Defendant Scott Bessent ("Secretary Bessent") is the Secretary of the United States Department of Treasury and is named as Defendant only in his official capacity. Because Secretary Bessent is the officer with final authority on all matters relating to the Department of Treasury consulting with the SBA for the implementation of the PPP, Secretary Bessent is a proper Defendant for causes of action brought under the APA.

8. Defendant United States of America is a proper Defendant in APA cases.

## JURISDICTION AND VENUE

9. This action arises out of the SBA's Final Decision and the SBA OHA Denial Decision (each defined below). Those decisions are arbitrary, capricious, and based on a clearly erroneous interpretation of both the facts and the law.

10. Jurisdiction is proper under 28 U.S.C. § 1331 and 5 U.S.C. § 706 because this is a civil action arising under the Constitution, laws, or treaties of the United States, namely the CARES Act and the APA.

11. Venue is proper in the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, under 28 U.S.C. § 1391(e) because Plaintiff's primary place of business is in this district in Allegheny County, Pennsylvania.

12. The OHA decision denying Plaintiff's appeal (the "Denial Decision") became final agency action on March 29, 2025, thirty (30) days following its service, pursuant to 13 C.F.R. § 134.1211(g). The Denial Decision is attached hereto as **Exhibit 2**.

13. Plaintiff is entitled to judicial review of the Denial Decision. 13 C.F.R. § 134.1201(d) ("An appeal to OHA is an administrative remedy that must be exhausted before

judicial review of a final SBA loan review decision may be sought in a Federal district court."); 13 C.F.R. § 134.1211(g) ("Appeal to Federal district court. Final decisions may be appealed to the appropriate Federal district court only.").

## FACTUAL BACKGROUND

### A. The CARES Act and the PPP Loan Program

14. On March 25, 2020—just weeks after the World Health Organization declared the COVID-19 outbreak a global pandemic—Congress passed the CARES Act to mitigate the devastation caused by pandemic-related lockdowns by protecting the paychecks of millions of Americans employed by small businesses.

15. The PPP was integral to the CARES Act, as it provided the SBA with the funding and authority to operate a loan program designed to quickly provide financial assistance to small businesses by boosting their cash flow during the pandemic. *See* 15 U.S.C. § 636.

16. The CARES Act amended Section 7(a) of the Small Business Act to expand the scope of SBA's pre-existing business loan authority by relaxing several of that section's general eligibility requirements—all aimed at expanding employers' access to such loans. 15 U.S.C. § 636(a)(36).

17. Under these relaxed rules, "any business concern" could apply for a PPP loan if the loan was for the lesser of either $10 million, or a calculation of "payroll cost" based on a statutory formula. *See* 15 U.S.C. § 636(a)(36)(E).

18. "Payroll costs" are broadly defined in the CARES Act as "the sum of payments of *any compensation with respect to employees* that is a . . . salary, wage, commission, or *similar compensation*." 15 U.S.C. § 636(a)(36)(A)(viii) (emphasis added).

19. Section 1106 of the CARES Act, 15 U.S.C. § 636m(b)-(d), also allows recipients of PPP loans to obtain forgiveness of their loans in whole or part by submitting an application and

supporting documentation to the lender, which then determines whether forgiveness is appropriate, subject to SBA review. The amount of forgiveness is generally calculated as "the sum of" the employer's payroll costs (among other categories of covered expenses) not to exceed the principal amount of the loan. 15 U.S.C. § 636m(b).

**B.     Plaintiffs' Round 1 PPP Loan and Forgiveness**

20.     USA Field Services is a specialized staffing company providing skilled professionals who work on oil and gas well sites throughout the United States. Plaintiff's employees provide a variety of services at these sites, including field services, inspection services, project management, construction management, environmental services, and land services.

21.     USA Field Services provides cash per diem payments to employees working at oil and gas sites. The per diem payments compensate the employees for the increased living costs and expenses associated with remote locations and travel. Per diem payments have become standard practice to attract and retain skilled workers in the oil and gas industry.

22.     USA Field Services applied for and received a Round 1 PPP Loan in the amount of $1,474,900.00, with a disbursement date of April 24, 2020.

23.     As part of that application, USA Field Services included its per diem payments in computing its average 2019 monthly payroll costs at $589,964 on the SBA Form 2483 (PPP Borrower Application Form) it submitted to obtain the Round 1 PPP Loan. USA Field Services also included its per diem payments on the $1,736,085.93 in payroll costs it reported on SBA Form 3508 (PPP Loan Forgiveness Calculation Form) in seeking forgiveness for its Round 1 PPP Loan.

24.     On February 12, 2021, Plaintiff's lender – The Huntington National Bank ("Huntington Bank") – determined that Plaintiff's Round 1 PPP Loan was forgiven in full.

25. On June 11, 2021, Huntington Bank issued a Notice of SBA Decision concerning the Round 1 PPP Loan which stated that "SBA has agreed with our prior determination that you should receive forgiveness of the full amount you requested."

### C. Plaintiff Obtains a Round 2 PPP Loan but is Denied Forgiveness

26. On February 10, 2021, USA Field Services was approved for a Round 2 PPP Loan in the same loan amount, utilizing the same 2019 average monthly payroll costs incorporating per diem payments. The covered period for Plaintiff's Round 2 PPP Loan was from February 11 through July 28, 2021.

27. Despite the SBA's determination that Plaintiff's Round 1 PPP Loan should be fully forgiven, the SBA erroneously excluded per diem payments when calculating Plaintiff's eligible payroll costs during its review of Plaintiff's Round 2 PPP Loan forgiveness application.

28. As a result of this erroneous exclusion, the SBA determined that the maximum forgivable amount for Plaintiff's Round 2 PPP Loan was only $511,234.80, rather than the full amount of the $1,474,900.00 loan Plaintiff received. A copy of the SBA Decision Letter is attached as **Exhibit 1**.

29. USA Field Services reasonably relied on the SBA's Round 1 PPP Loan decision when it chose to continue to pay its employees per diems, which it believed would be included as a payroll cost as part of its Round 2 PPP Loan and thus would be eligible for forgiveness.

### D. Plaintiff Appeals the SBA's Erroneous Decision to Exclude Per Diem Payments from the Loan Forgiveness Amount

30. On October 3, 2024, USA Field Services filed an appeal from the SBA Decision to the OHA. A copy of Plaintiff's Appeal is attached as **Exhibit 4**.

31. In support of its appeal, Plaintiff argued that the SBA took a too-narrow view of what constitutes "payroll costs" for purpose of PPP loan forgiveness, that SBA cited no authority

for such a narrow interpretation, and that its interpretation is at odds with the relevant statute, regulations, and the legislative intent behind PPP loan forgiveness. Plaintiff also argued that the decision was inconsistent with SBA's own forgiveness decision about Plaintiff's Round 1 PPP Loan, where the SBA determined that per diem payments were payroll costs.

32. During the pendency of the OHA appeal, SBA filed a notice of increased forgiveness, explaining that "SBA rereviewed the loan at issue and reached a revised maximum loan amount of $540,216.79[,]" as opposed to the original determination of $511,234.80. A copy of the Notice of Increased Forgiveness Amount is attached as **Exhibit 5**.

33. On February 27, 2025, the Honorable Administrative Law Judge James Plott denied Plaintiff's appeal and affirmed the SBA Decision. *See* Exhibit 2. The full administrative record is attached as **Exhibit 3**.

## STANDARD OF REVIEW

34. Pursuant to the APA, 5 U.S.C. §§ 701-706, a court reviewing a final agency action must "hold unlawful and set aside agency action, findings, and conclusions to be found to be ... (A) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law" or "(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  5 U.S.C. § 706(2).

35. Section 704 of the APA states that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

36. The SBA OHA Denial Decision meets the requirements of final agency action and is thus subject to judicial review by this Court.

## COUNT I – AGENCY ACTION CONTRARY TO LAW
## 5 U.S.C. §706(2)(A), (C)

37. USA Field Services incorporates the preceding paragraphs as though set forth herein at length.

38. The APA authorizes judicial review of federal agency actions. 5 U.S.C. § 702.

39. The APA provides that a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id.* § 706(2)(A), (C).

40. The CARES Act broadly defines payroll costs to include "the sum of payments of *any compensation with respect to employees* that is a . . . salary, wage, commission, or *similar compensation*." 15 U.S.C. §636(a)(36)(A)(viii) (emphasis added).

41. The CARES Act does not specifically address per diem payments in the definition of "payroll costs" under the Act.

42. The Regulations promulgated pursuant to the CARES Act do not expressly address per diem payments in the definition of "payroll costs" under the Act.

43. The SBA issued a frequently asked question which provided:

> **32. Question**: *Does the cost of a housing stipend or allowance provided to an employee as part of compensation count toward payroll costs?*
>
> **Answer**: *Yes. Payroll costs includes all cash compensation paid to employees, subject to the $100,000 annual compensation per employee limitation.*

U.S. Dep't of the Treasury, Paycheck Protection Program Loans: Frequently Asked Questions (FAQs) (July 29, 2021), https://home.treasury.gov/system/files/136/Paycheck-Protection-Program-Frequently-Asked-Questions.pdf, FAQ No. 32 (underlined emphasis added).

44. No court has considered whether per diem payments constitute "payroll costs" for purposes of PPP Loan forgiveness.

45. Per diem payments have, however, been considered wages in the context of overtime calculations under the Fair Labor Standards Act. *See Baouch v. Werner Enters.*, 908 F.3d 1107, 1110 (8th Cir. 2018).

46. Per diem payments are "payroll costs" for PPP loan purposes because they are cash compensation paid to employees for the costs of working in remote locations.

47. Especially in the oil and gas industry where the payments are industry practice, these cash payments constitute the type of "similar compensation" contained within the CARES Act's definition of payroll costs. 15 U.S.C. § 636(a)(36)(A)(viii)(I)(AA).

48. The SBA's rules and guidance must align with the statutory language and purpose of the CARES Act. Any interpretation that narrows the scope of payroll costs without justification is not in accordance with law.

49. The SBA interprets "payroll costs" for PPP loan purposes broadly, as including "all cash compensation paid to employees." *See* FAQ No. 32. This interpretation is sufficiently broad to include per diem payments. Yet the Denial Decision's exclusion of payroll costs, by contrast, is contrary to the spirit and letter of the CARES Act and SBA's own guidance.

50. The CARES Act does not explicitly exclude per diem payments from the definition of payroll costs. To that end, the SBA's interpretation to the contrary is not supported by the statutory text, which broadly defines payroll costs as including "any compensation" paid to employees. 15 U.S.C. § 636(a)(36)(A)(viii).

51. The language and purpose of the CARES Act requires the SBA to broadly interpret the scope of forgivable "payroll costs" as it relates to PPP loans as including "all compensation" paid to employees.

52. By excluding per diem payments from the definition of payroll costs, the SBA's Denial Decision has effectively rewritten the statutory language of the CARES Act in a way that is both contrary to law and exceeds SBA's authority to implement the PPP loan program.

### COUNT II – ARBITRARY & CAPRICIOUS AGENCY ACTION
### 5 U.S.C. §706(2)(A)

53. USA Field Services incorporates the preceding paragraphs as though set forth herein at length.

54. The APA authorizes judicial review of federal agency actions. 5 U.S.C. § 702.

55. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious," or "an abuse of discretion." 5 U.S.C. § 706(2)(A).

56. The SBA's refusal to forgive the Loan based on its interpretation that per diem payments are not payroll costs is arbitrary and capricious.

57. The CARES Act broadly defines payroll costs to include all payments that constitute "any compensation with respect to employees." 15 U.S.C. §636(a)(36)(A)(viii).

58. The SBA has failed to provide a reasoned explanation for excluding per diem payments from payroll costs, which is required to avoid a finding of arbitrariness.

59. The SBA's interpretation runs counter to the statutory language of the CARES Act, which emphasizes flexibility in supporting payroll expenses to retain employees during the COVID-19 pandemic. 15 U.S.C. § 636(a)(36)(A)(viii).

60. The SBA's interpretation also runs counter to the undisputed facts established in the administrative appeal, which show that the per diem payments were made and accounted for consistent with the text and purpose of the CARES Act.

61. The duty of consistency applies to the federal government's conduct.

62. The duty of consistency requires that an agency's interpretation of a statute be applied consistently over time.

63. The consistency with which an agency's interpretation has been applied is a significant factor in determining the reasonableness of that interpretation.

64. The SBA inconsistently calculated Plaintiff's maximum PPP Loan amount using the same 2019 payroll figures. For Round 1, the SBA determined the maximum was $1,474,900.00. But for Round 2, the SBA erroneously calculated the maximum loan amount as only $511,234.80 (and later determined that the maximum forgivable amount was $540,216.79).

65. The SBA's inconsistent treatment of Plaintiff's per diem payments between the Round 1 and Round 2 PPP Loans is inconsistent and contrary to the broad interpretation of what constitutes forgivable "payroll costs" under the CARES Act. *See* 15 U.S.C. § 636(a)(36)(A)(viii).

66. USA Field Services was harmed by the SBA's failure to consistently apply the law because it reasonably relied on the SBA's Round 1 determination when it continued to make per diem payments to its employees after it received notice of the SBA's forgiveness of its Round 1 PPP Loan on June 11, 2021.

67. USA Field Services relied, in good faith, on the SBA's Round 1 determination when it chose to continue making per diem payments to employees from June 11, 2021, until the Round 2 covered period expired on July 28, 2021.

68. The SBA provided no reasoned analysis to justify any of the above shortcomings, and as a result, its Denial Decision should be reversed as arbitrary and capricious.

## COUNT III – ATTORNEY FEES
## 28 U.S.C. § 2412

69. USA Field Services incorporates the preceding paragraphs as though set forth herein at length.

70. USA Field Services is entitled to recover its attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

71. As a result of Defendants' unlawful, arbitrary, and capricious actions, USA Field Services has had to obtain legal counsel to bring the foregoing lawsuit to obtain forgiveness of its PPP loan. It is therefore a "prevailing party" entitled to its reasonable and necessary attorney fees, costs, and expenses by this Honorable Court. 28 U.S.C. § 2412(b).

WHEREFORE, USA Field Services respectfully requests this Honorable Court enter judgment in its favor and against Defendants the United States Small Business Administration, Kelly Loeffler, in her official capacity as Administrator of the U.S. Small Business Administration, Scott Bessent, in his official capacity as United States Secretary of the Treasury, and the United States of America, as follows:

   a. Declaring that the SBA's Denial Decision is arbitrary and capricious;

   b. Declaring that the SBA's determination that per diem payments are not "payroll costs" was a clear error of law;

   c. Permanently enjoining the SBA from finding USA Field Services ineligible for full forgiveness of its Round 2 PPP Loan;

   d. Awarding USA Field Services its reasonable attorney fees and costs; and,

   e. Awarding such other, further and different relief as this Honorable Court deems just and equitable.

        Respectfully submitted,

        */s/ Michael A. Comber*
        Michael A. Comber, Esquire
        PA ID No. 81951
        COMBER MILLER LLC
        300 Koppers Building
        436 Seventh Avenue
        Pittsburgh, PA 15219
        (412) 894-1380
        (412) 291-2109 (fax)
        mcomber@combermiller.com

Dated:  April 28, 2025

## **INDEX OF EXHIBITS**

**Exhibit 1: SBA Decision Letter dated September 3, 2024**

**Exhibit 2: OHA Denial Decision dated February 27, 2025**

**Exhibit 3: Administrative Record**

**Exhibit 4: Appeal of USA Field Services dated October 3, 2024**

**Exhibit 5: SBA Notice of Increased Forgiveness Amount dated January 24, 2025**